Murl BENSON and Ida K. Benson, husband and wife, Plaintiffs,

v.

Olin S. GODWIN, District Director of Internal Revenue, Defendant.

No. 2968.

United States District Court
E. D. Arkansas, W. D.

July 9, 1958.

Tom J. Gentry, Charles Mott, Jr., Little Rock, Ark., for plaintiffs.

Osro Cobb, U. S. Atty., James W. Gallman, Asst. U. S. Atty., Little Rock, Ark., Herbert L. Awe, Washington, D. C., for defendant.

HARPER, District Judge.

This case and seven others involving substantially the same facts and questions of law have been grouped together for decision. The factual differences in these actions are principally as to the location and term of employment of the respective plaintiffs.

Plaintiffs are pipefitters and members of Pipefitters Union, Local 706, at El Dorado, Arkansas. All of the plaintiffs maintain permanent residences in or around El Dorado.

Due to the lack of employment for pipefitters in the El Dorado area plaintiffs were referred by the business agent of Local 706 to construction jobs at places distant from El Dorado. The periods of employment and the particular job sites are stipulated in the record and are not controverted.

During the year 1952 plaintiffs incurred expenses for meals, lodging and travel as a result of their employment on job sites outside of the El Dorado area. The plaintiffs deducted these expenses from their 1952 incomes on their income tax returns for that year. These deductions were disallowed by Internal Revenue, and the plaintiffs in these suits are seeking to recover for the amount of excess taxes which they claim they are required to pay as a result of the disallowance of the deductions.

The Supreme Court in considering traveling expense deductions in Commissioner v. Flowers, 326 U.S. 465, at page 470, 66 S.Ct. 250, at page 252, 90 L.Ed. 203, had this to say:

"Three conditions must be satisfied before a traveling expense deduction may be made under § 23(a) (1) (A) [26 U.S.C.A. Int.Rev.Code § 23(a) (1) (A)]:

"(1) The expense must be a reasonable and necessary traveling expense, as that term is generally understood. This includes such items as transportation fares and food and lodging expenses incurred while traveling.

"(2) The expense must be incurred 'while away from home.'

"(3) The expense must be incurred in pursuit of business. This means that there must be a direct connection between the expenditure and the carrying on of the trade or business of the taxpayer or of his employer. Moreover, such an expenditure must be necessary or appropriate to the development and pursuit of the business or trade.

"Whether particular expenditures fulfill these three conditions so as to entitle a taxpayer to a deduction is purely a question of fact in most instances."

■■■ Conceding that the plaintiffs have satisfied the first two conditions set forth in the Flowers case, still their claims must fail for failure to satisfy the third. A taxpayer, not self-employed, must incur the expenses in the pursuit of the business of the taxpayer's employer rather than for benefits personal to himself or his family. In the case at bar it is clear that the expenditures were not necessary or appropriate to the pursuit of the business of the construction company by which plaintiffs were employed.

In Carragan v. Commissioner, 197 F. 2d 246, at page 249, the Second Circuit Court of Appeals in passing on a problem similar to the one before the court, had this to say: "The job, not the taxpayer's pattern of living, must require the travel."

Failure to meet the conditions imposed by the Flowers case does not necessarily result in the non-deductibility of travel expenses incurred by taxpayer required to seek employment in places distant from their permanent residences. Exceptions to the Flowers rule are found in Morley v. Commissioner, 1954 P-H T.C. Memo Decision, Par. 54,311, and Commissioner v. Peurifoy, 4 Cir., 1957, 254 F.2d 483, 486.

The recent Peurifoy case, supra, sets forth exceptions to the Flowers rule as follows:

"Where, however, an individual, who has a well established tax home, accepts temporary employment of short duration away from his tax home, it has been held that his travel and maintenance are allowable deductions under § 23(a) (1) (A) and are not 'personal, living, or family expenses' within the meaning of § 24(a) (1) even though such expenses are not incurred for the benefit of the employer. Coburn v. Commissioner, 2 Cir., 138 F.2d 763; Schurer v. Commissioner, 3 T.C. 544; Leach v. Commissioner, 12 T.C. 20. If we assume the validity of this exception to the rule of Commissioner of Internal Revenue v. Flowers, as applied to one not self-employed, it is essential that the employment away from the established tax home shall be temporary in contemplation at the time of its acceptance and not indeterminate in fact as it develops. However justified he may be from a subjective or personal point of view in maintaining a residence away from his post of duty, his travel and maintenance expense at his post of duty is not an ordinary and necessary business expense within the meaning of § 23(a) (1) (A) if the employment is of substantial or indefinite duration."

Although many decisions in this area have been based on the distinction between temporary and indefinite employment, no clear-cut rules have been established for application to a particular factual situation. Ford v. Commissioner,

(1954 P-H T.C. Memorandum Decisions, Par. 54,314, affirmed per curiam, 4 Cir., 1955, 227 F.2d 297, defines temporary employment as employment, the termination of which within a short period could be foreseen.

The plaintiffs were employed on the construction job in question for periods varying from 11 months to three years. When they were employed they were given no definite indication of the expected completion date of the project. The project was one of considerable magnitude, requiring several years for completion. Since termination of the employment within a short period could not be foreseen, and since the actual periods of employment were not short, plaintiffs do not come within the exception to Commissioner v. Flowers, supra, as established by Commissioner v. Peurifoy, supra.

Judgment will accordingly be for the defendant in these cases. Attorneys for the defendant will prepare the findings of fact, conclusions of law and judgment and submit to the court for entry.