MICHAEL L. PAZDEN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent.
Pazden v. Commissioner
Docket No. 2874-75.
United States Tax Court
T.C. Memo 1977-139; 1977 Tax Ct. Memo LEXIS 303; 36 T.C.M. (CCH) 583; T.C.M. (RIA) 770139; May 10, 1977, Filed *303 Petitioner, a resident of Clifton, New Jersey, being unable to find employment there as a civil engineer, took an engineering job in Rome, New York, of two years' expected duration. Petitioner had no independent household in Clifton, but lived with his parents. He left his fiancee behind in Clifton. After 18 months, petitioner began work in Jersey City, New Jersey and moved back to Clifton. Held, on the facts, petitioner's tax home was Rome, New York, while his work was there, and petitioner could neither deduct his living expenses while in Rome nor exclude from income his employer's reimbursement of certain of such expenses. Michael L. Pazden, pro se. James F. *304 Kearney, for the respondent. HALL MEMORANDUM FINDINGS OF FACT AND OPINION HALL, Judge: Respondent determined a deficiency in petitioner's 1972 Federal income tax of $2,505.45. The issues for decision are (1) whether petitioner is entitled to a deduction under section 162(a)(2)[1] for travel expenses incurred while away from home; and (2) whether reimbursement payments received from his employer for such expenses are includible in petitioner's gross income. FINDINGS OF FACT Some of the facts have been stipulated and are found accordingly. Petitioner resided in Clifton, New Jersey at the time he filed his petition herein. Petitioner was born in Clifton, New Jersey and lived there with his parents until August 1971. While living with his parents, petitioner attended Newark College of Engineering, graduating with a degree in civil engineering in June 1970. During college he worked part time as a computer operator. Following graduation he was unable to obtain employment in the Clifton-Newark area as a civil engineer. As a consequence, he worked *305 as a computer operator until August 1971. In August 1971, petitioner obtained employment as a civil engineer on a hospital construction site in Rome, New York, a city located approximately 300 miles from Clifton. He was employed as a project engineer and quality control representative. The estimated completion time for the construction project was two years. Petitioner worked continuously in Rome from August 1971 until February 1973, returning to Clifton on weekends to visit his fiancee. In February 1973, he resigned from his position in Rome and began work in Jersey City, New Jersey, and moved back to Clifton. During 1972 petitioner maintained a diary in which he posted his expenditures for meals, lodging, laundry and telephone service while in Rome. He also maintained mileage records for the days he remained in Rome. Mileage was computed by subtracting the odometer reading of his car on Monday of each week from the odometer reading on Friday of each week. The total mileage incurred in connection with the use of his car in Rome was 14,100 miles. This amount reflected all travel within Rome including commuting from his apartment to the construction site (a round trip distance *306 of two miles), personal excursions, picking up supplies for his employer and visiting subcontractors' facilities. During 1972 petitioner received reimbursement payments totaling $4,479 from his employer, apparently for his meals, lodging, laundry, telephone service and automobile expenses. On his 1972 Federal income tax return, petitioner claimed a deduction for travel expenses while away from home on business for 361 days in the amount of $6,016. Petitioner arrived at this figure by subtracting his reimbursement payments from the total of the following items: Meals and lodging
$ 7,988
Automobile expenses
1,860
Gas and electric
77
Telephone
208
Laundry
362
Total
$10,495
Respondent in his statutory notice of deficiency disallowed the claimed deduction in its entirety and included the reimbursement payments in petitioner's gross income. OPINION Section 162(a)(2) allows a deduction for "all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including * * * traveling expenses (including amounts *307 expended for meals and lodging other than amounts which are lavish or extravagant under the circumstances) while away from home in the pursuit of a trade or business * * *." In order to qualify for the deduction, the expense must be (1) reasonable and necessary, (2) incurred while away from home and (3) incurred in the pursuit of a trade or business. Commissioner v. Flowers,326 U.S. 465 (1946). Petitioner incurred $10,495 in expenses in 1972 for meals, lodging, laundry, telephone and transportation in Rome, New York. He contends that these expenses were ordinary and necessary expenses incurred while away from home in pursuit of his trade or business. Respondent contends that petitioner was not away from home when he incurred the expenses, and we agree. We have consistently held that "home" for purposes of section 162(a)(2) means the taxpayer's principal place of employment. See, e.g., Bochner v. Commissioner, 67 T.C.     (1977); Tucker v. Commissioner,55 T.C. 783 (1971); Kroll v. Commissioner,49 T.C. 557 (1968). An exception *308 to this general rule is carved out where a taxpayer who maintains a personal residence at one location accepts a business assignment of short and reasonably definite duration in another area. Peurifoy v. Commissioner,358 U.S. 59 (1958), affg. 254 F. 2d 483 (4th Cir. 1957). The reason for this exception is that such a taxpayer is usually forced to incur duplicate living expenses while he is living near a temporary job-site. Kroll v. Commissioner,supra;Jones v. Commissioner,54 T.C. 734 (1970), affd. 444 F. 2d 508 (5th Cir. 1971). This exception has limits, however, which spring from its purpose. Beyond a certain point, a taxpayer on temporary assignment away from home must be deemed to have moved his "tax home" to his new job. The point at which this occurs will depend upon all the facts and circumstances of the particular case. Relevant factors will include the reasonably anticipated duration of the temporary employment, the degree of certainty that it will come to an end in a reasonably short period, the strength of the taxpayer's business, economic and family ties with his original home, *309 the extent of duplication of living expenses, and the foreseeable economic cost of moving his home and family to the new location and back again. The real inquiry is whether, in the light of all these circumstances, it would have been more reasonable for the taxpayer to maintain intact his original residence and set up a temporary living establishment at his new job location, rather than simply moving to the new location. Tucker v. Commissioner,55 T.C. 783, 786 (1971). No taxpayer has the right to expect the tax collector to help defray the cost of a taxpayer's attachment to his original home when under all the circumstances it would have made far better economic sense for him to move. This area of the law is rendered difficult by the mixture of personal and economic considerations which inhere in any decision whether to move, and where in a close case the economic scales are fairly well balanced, the law is not blind to personal and family ties as reasons for not moving. However, where economic considerations militate sharply in favor of abandoning the original home *310 and moving, a purely personal preference to maintain duplicate households is to be satisfied without the assistance of the public revenues. In the present case, the factors are clearly weighted against the taxpayer. The expected duration of his new job, two years, was such as to suggest strongly the desirability of moving. For all that appears from the record, the costs of such a move would have been minimal. He owned no house, had signed no long-term lease, and presented no evidence of having such a large quantity of personal effects that a move would have been particularly costly. While he testified that he and his employer had agreed that after a year he would be employed in New York City, his testimony was vague and unsupported by corroborating evidence. The petitioner had no substantial business, economic or family ties with the Clifton area. He had been unable to find work there in his chosen profession. While his parents and fiancee remained in Clifton, that circumstance alone would not normally cause a rational person to maintain two homes. He offered no evidence of any duplication of living expenses. After due consideration of all the circumstances, we conclude *311 that when petitioner moved to Rome, he left no tax home behind in Clifton. While in Rome, he was not away from home on business within the meaning of section 162. The final issue for decision is whether petitioner must include in his gross income reimbursement payments made by his employer to defray petitioner's living expenses in Rome. Petitioner does not contend that these payments were not income, but only asserts that he is entitled to deduct the expenses he incurred while in Rome. It is well settled that reimbursement payments intended to defray non-deductible living expenses are includible in gross income. See Turner v. Commissioner,56 T.C. 27, 33 (1971); Cockrell v. Commissioner,38 T.C. 470, 477-478 (1962), affd. 321 F. 2d 504 (8th Cir. 1963). We have found that the expenses for meals, lodging, laundry and telephone are non-deductible under section 162(a)(2). In addition, petitioner has failed to show that his automobile expenses were ordinary and necessary expenses incurred in carrying on his business of being an employee. [2] *312 Therefore, since petitioner is not entitled to a deduction for any of the items defrayed by the reimbursement payments, the entire amount of those payments is includible in petitioner's gross income. Decision will be entered for the respondent. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as in effect during the year in issue.↩
2. Petitioner did not assert in his petition or at trial, nor did he present evidence, that he is entitled to a deduction for such expenses.↩