FRANK W. HALLSTEIN and PATRICIA E. HALLSTEIN, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Hallstein v. Commissioner
Docket No. 6034-76
United States Tax Court
T.C. Memo 1978-33; 1978 Tax Ct. Memo LEXIS 483; 37 T.C.M. (CCH) 191; T.C.M. (RIA) 780033; January 25, 1978, Filed *483 Petitioner, for personal reasons, maintained his house and family in California while he was employed in Mississippi. Held, petitioner was not "away from home" within the meaning of sec. 162(a)(2) and, accordingly, his traveling, lodging and meal expenses incurred while working in Mississippi are not deductible. Frank W. Hallstein, pro se. John W. Harris, for the respondent. STERRETT
MEMORANDUM FINDINGS OF FACT AND OPINION STERRETT, Judge: Respondent determined a deficiency *484 in, and addition to under section 6653(a), I.R.C. 1954, petitioners' Federal income tax for the calendar year 1973 in the amount of $2,373 and $119, respectively. The parties have conceded certain issues [1] and the sole issue remaining for our decision is whether expenditures in the amount of $3,929 were incurred by petitioner Frank W. Hallstein, "while away from home in the pursuit of a trade or business" under section 162(a)(2). FINDINGS OF FACT Some of the facts have been stipulated and are so found. The stipulation of facts, together with the exhibits attached thereto, are incorporated herein by this reference. Petitioners' Frank W. and Patricia E. Hallstein, husband and wife, resided in Manhattan Beach, California at the time they filed their petitioner herein. Petitioners timely filed their 1973 Federal income tax return *485 with the district director, internal revenue service, Fresno, California. Patricia E. Hallstein is a party to this action solely by reason of filing a joint return with her husband and, therefore, hereinafter Frank W. Hallstein shall be referred to as petitioner. In late February or March of 1972 petitioner, residing with his wife and children in Manhattan Beach, California, secured employment as an engineer with Litton Systems, Inc. (hereinafter Litton) in Culver City, California. Petitioner accepted the job with the understanding that his corporate division was to be relocated to Mississippi in, approximately, 18 months. However the corporate move was made earlier than petitioner expected and in September, 1972 he went to Pascagoula, Mississippi to manage Litton's "combat systems test and evaluation" division. The contracts that came within this title had a projected completion date in the mid-1980's. Although in May of 1972 Patricia Hallstein went on a prelocation trip to Pascagoula, petitioner did not intend to relocate his family to Mississippi until after March, 1973 because (1) the Hallsteins "wanted to maintain their options", and (2) they had to resolve a school *486 problem with respect to their son. If in 1972 petitioner knew that he would move to Mississippi when in fact he did, he would not have accepted the job in the first instance. During 1973 petitioner lived in a camper in Mississippi and searched for a home to purchase. His job required periodic business trips back to Los Angeles. In August, 1973 petitioner sold his home located in Newbury Park, California[2] with the intention of moving his family to Pascagoula. However, in October, 1973 petitioner resigned from his job with Litton and accepted employment with Hughes Aircraft Company located in Culver City. Consequently, petitioner's family never relocated to Mississippi. On his 1973 Federal income tax return petitioner deducted $4,083 for his expeses incurred while working in Mississippi as follows: Lodging and meals (35 weeks @ $10 per day)
$2,450
Transportation
1,317
Postage & shipping
92
Telephone
62
Business travel
162
$4,083 Respondent in his notice of deficiency, dated April 7, 1976, disallowed *487 said deductions "because it has not been established that any amount in excess of $154 constitutes an ordinary and necessary business expense or was expended for the purpose designated." OPINION Section 162(a)(2) [3] allows a deduction for "traveling expenses (including amounts expended for meals and lodging * * *) while away from home in the pursuit of a trade or business." To qualify for a deduction under this section three conditions must be met, to wit: (1) the expenses must have been ordinary and necessary; (2) the expenses must have been incurred while petitioner was "away from home"; and (3) petitioner must have incurred the expenses in the pursuit of his business. Commissioner v. Flowers,326 U.S. 465 (1946), rehearing den. 326 U.S. 812 (1946). Respondent submits that the only requirement, of the aforesaid three, at issue herein is whether petitioner was "away from home" while living in Pascagoula, Mississippi. *488 We have "consistently held that, generally a taxpayer is expected to maintain his home in the vicinity of his principal place of employment." Bochner v. Commissioner,67 T.C. 824, 827 (1977) citing Michaels v. Commissioner,53 T.C. 269, 273 (1969). If a taxpayer chooses, for personal reasons, to live a distance from his place of employment he cannot "transform living expenses into business expenses" as the expenditures are not required by the exigencies of the business. Dilley v. Commissioner,58 T.C. 276, 279-280 (1972). Such expenditures are clearly nondeductible personal expenses under section 262. However, we have recognized an exception to this rule of nondeductibility when the taxpayer's employment is temporary rather than indefinite. Peurifoy v. Commissioner,358 U.S. 59 (1958), affg. 254 F. 2d 483 (4th Cir. 1975); Dilley,supra;Tucker v. Commissioner,55 T.C. 783 (1971) 411 F.2d 537 (9th Cir. 1969), affg. 48 T.C. 308 (1967). The purpose of this exception is to allow the deduction in order "'to mitigate the burden of the taxpayer who, *489 because of the exigencies of his trade or business' must maintain two places of abode and thereby incur additional and duplicate living expenses." Tucker,supra at 786 citing Kroll v. Commissioner,49 T.C. 557, 562 (1968). Hence, because of the temporary nature of the employment, it would be unreasonable to expect a taxpayer to move his residence to the employment vicinity. Tucker,supra.Moreover our ascertainment of the permanent or temporary nature of employment must be made "at the time it begins and is not changed by subsequent events." Gardin v. Commissioner,64 T.C. 1079, 1084 (1975); Dilley,supra at 281; and Peurifoy,254 F.2d 483, 486 (4th Cir. 1957). In the instant case the record clearly indicates that petitioner accepted permanent employment that required him to relocate to Pascagoula, Mississippi. Although required to relocate earlier than expected, the record is devoid of any evidence showing that petitioner considered his new jobsite to be temporary in nature. Rather, he was employed to work on contracts with completion dates in the mid-1980's, sought *490 to purchase a home in Mississippi, and sold his home in California intending to move his family to Pascagoula. Petitioner's reasons for maintaining his house and family in California while understandable, were personal in nature. He testified, and we have found, that he wanted to maintain his options and desired to resolve his son's school problems. While petitioner's motivation may well have been valid, we believe it served his personal conveniences and necessities and not the exigencies of his business as those concepts are used in tax law. Flowers v. Commissioner,supra at 474. Decision will be entered under Rule 155. Footnotes
1. The notice of deficiency made five adjustments to petitioner's income as set forth in paragraphs a through e of schedule 2, "explanation of items" attached theret3. Petitioners have conceded issues a, b and e and respondent has conceded issue d as set forth in schedule 2. Respondent also has conceded the addition to tax under sec. 6653(a)↩.
2. Petitioner's wife and two daughters had previously moved into a house they owned in Newbury Park and his son stayed in their house in Manhattan Beach.↩
3. SEC. 162. TRADE OR BUSINESS EXPENSES. (a) In General.--There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxpayer year in carrying on any trade or business, including * * * (2) traveling expenses (including amounts expended for meals and lodging other than amounts which are lavish or extravagant under the circumstances) while away from home in the pursuit of a trade or business * * *.↩