Grant M. Prisbrey, Salt Lake City, Utah, for petitioner-appellant.

R. Russell Mather, Washington, D. C. (M. Carr Ferguson, Asst. Atty. Gen., Gilbert E. Andrews, Richard Farber, and Melvin E. Clark, Jr., Attys., Tax Div., Dept. of Justice, Washington, D. C., on brief), for respondent-appellee.

**Gary Durwood PILCHER, Petitioner-Appellant,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.**

No. 79–2147.

United States Court of Appeals, Tenth Circuit.

Argued and Submitted May 15, 1981.

Decided June 10, 1981.

Before SETH, Chief Judge, and HOLLOWAY and LOGAN, Circuit Judges.

PER CURIAM.

Gary Durwood Pilcher appeals from a decision of the United States Tax Court denying him deductions for expenses incurred in commuting between his residence and place of employment for the years 1974 and 1975. The issue on appeal is whether these expenses are deductible as ordinary trade or business expenses or temporary

employment expenses under section 162(a)(2) of the Internal Revenue Code.

During the years in question, taxpayer lived in Salt Lake City, 67 miles from the jobsite where he worked as a pipe fitter. The jobsite was a large construction project of National Lead Industries being built to extract minerals from the brine of the Great Salt Lake. There were no residential facilities available at the jobsite and taxpayer could find none nearer than Salt Lake City. The project had been ongoing since 1970 and was still under way at the time of trial in 1979. Taxpayer worked on the project for several months in 1970 or 1971 and, following a layoff, worked from late 1973 until early 1978. On his 1974 income tax return, taxpayer deducted his costs of commuting to the jobsite as "away from home expenses." On his 1975 return he characterized his commuting expenses as employee business expenses. The Commissioner's disallowance of the deductions was sustained by the Tax Court; this appeal followed.

Deductibility of commuting costs as ordinary and necessary business expenses under section 162(a) is controlled by *United States v. Tauferner*, 407 F.2d 243 (10th Cir.), *cert. denied*, 396 U.S. 824, 90 S.Ct. 66, 24 L.Ed.2d 74 (1969). The only distinction between this case and *Tauferner* is that the commuting distance was longer in the instant case. We do not view that as significant, however. We reaffirm the position taken in *Tauferner* for the reasons stated therein.

We reject taxpayer's argument that he was temporarily employed away from home and is therefore entitled to deduct travel expenses to and from the jobsite. The Tax Court has ruled that employment is not temporary if it is merely indefinite. *McCallister v. Commissioner*, 70 T.C. 505 (1978); *Blatnick v. Commissioner*, 56 T.C. 1344. Guidance for determining whether employment is temporary is found in *Commissioner v. Peurifoy*, 254 F.2d 483 (4th Cir. 1957), *aff'd per curiam*, 358 U.S. 59, 79 S.Ct. 104, 3 L.Ed.2d 30 (1958). There, the court stated "it is essential that the employment away from the established tax home shall be temporary in contemplation at the time of its

acceptance and not indeterminate in fact as it develops." 254 F.2d at 486. The record in the instant case reveals that in 1973, when taxpayer resumed working at the jobsite, it was anticipated that construction on the project would require several additional years. There is ample evidence in the record to support the Tax Court's conclusion that taxpayer's employment during 1974 and 1975 was not temporary. *See Jones v. Commissioner*, 444 F.2d 508 (5th Cir. 1971); *Cockrell v. Commissioner*, 321 F.2d 504 (8th Cir. 1963) (though it is known a job will terminate at future date, it is not temporary if expected to last for a substantial or indefinite period of time); *Tucker v. Commissioner*, 55 T.C. 783 (1971).

We find no merit in taxpayer's complaint that hindsight was used in determining whether this employment was temporary. The district court correctly viewed the facts surrounding taxpayer's resumed employment in determining that the project would provide substantial and indefinite employment.

AFFIRMED.