RUSSELL A. TOBEY, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Tobey v. Commissioner
Docket Nos. 12997-79, 14738-80.
United States Tax Court
T.C. Memo 1981-640; 1981 Tax Ct. Memo LEXIS 108; 42 T.C.M. (CCH) 1604; T.C.M. (RIA) 81640; October 29, 1981. Russell A. Tobey, pro se. James Nelson, for the respondent. DRENNEN
MEMORANDUM FINDINGS OF FACT AND OPINION DRENNEN, Judge: These cases were assigned to *109 and heard by Special Trial Judge John J. Pajak pursuant to the provisions of section 7456(c) of the Internal Revenue Code of 1954, [1] and Rule 180, Tax Court Rules of Practice and Procedure.[2] The Court agrees with and adopts the Special Trial Judge's Opinion which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE PAJAK, Special Trial Judge: Respondent determined a deficiency in petitioner's Federal income taxes for 1977 and 1978 in the amounts of $ 1,382.00 and $ 1,394.12, respectively. After concessions by both parties, the sole issue for decision is whether petitioner is entitled under section 162 to deduct expenses incurred in traveling between his residence and his place of work. FINDINGS OF FACT Some of the facts have been stipulated. The stipulation of facts and related exhibits are incorporated *110 herein by reference. Petitioner resided in Pasco, Washington when the petitions in these cases were filed. Petitioner is a steamfitter. During 1977 and 1978, he was a member of the United Association of Plumbers and Steamfitters, Local 598 in Pasco, Washington and had been a member for 32 years. He has lived in the Pasco, Washington area since 1948. Petitioner began working at the Hanford Reservation (Hanford), a vast energy complex, in 1948. He has worked at various construction sites at Hanford since then, except for the periods when he could not find work at Hanford, which he alleged totaled about ten years. From approximately June 1976 to the time of trial, petitioner has been employed by various employers at sites at Hanford. During 1977 petitioner worked on the Washington Nuclear Plant 2 (WNP 2), a nuclear power plant under construction at Hanford. He was employed by a conglomerate of employers referred to as WSH/BOECON/GERI from January 1, 1977 through December 2, 1977. He reported $ 29,045.18 in income on his 1977 return. It appears he was reemployed in January 1978. He reported $ 30,982.04 in income on his 1978 return. During 1978 petitioner worked for WSH/BOECON/GERI *111 at WNP 2 and for J.A. Jones Construction Company (J. A. Jones) for a short time at Hanford No. 14. The job sites were equidistant from the union office. The union office was approximately one mile from petitioner's home. Both employers, pursuant to the union contract, were required to pay a daily travel allowance computed on a mileage rate from the union office to the work site and back, which was a 53 mile round trip. Petitioner received $ 2,614.24 in 1977 and $ 2,499.59 in 1978 as travel pay. These amounts were included on petitioner's W-2 forms as gross wages and included in the income reported on his tax returns for 1977 and 1978. Petitioner deducted the travel pay received from WSH/BOECON/GERI as "out of town expense" on his 1977 and 1978 returns. On his 1978 return he also deducted $ 166.95 as "out of town expense" in connection with his employment by J. A. Jones. Respondent disallowed the 1977 deduction of $ 2,614.24 on the ground that the expenses were personal commuting expenses and that Petitioner's tax home was at Hanford. Respondent disallowed the 1978 deduction in the rounded-off sum of $ 2,667 on broader grounds. Other adjustments which are not in issue were *112 made by respondent for each year. OPINION Petitioner contends that the travel expenses are deductible under section 162. [3] For the reasons stated below, we agree with respondent that they are not deductible. Based upon our review of the facts in this case, it appears to us that this is a simple case of a construction worker who commuted to work from his residence by an approximately 53 mile round trip. This is not an unusual distance to commute. His automobile expense incurred in commuting is not deductible regardless of the distance or remoteness of the location. Coombs v. Commissioner, 608 F.2d 1269, 1272 (9th Cir. 1979); Section 262. However, inasmuch as respondent posed the main thrust of his argument in terms of indefinite versus temporary employment, we will address that question. [4] Since we find that petitioner's work *113 at Hanford was not temporary and therefore his automobile expenses are not deductible, any conflict with prior authority of this Court is mooted. McCallister v. Commissioner, 70 T.C. 505, 508-509 (1978). There is a limited exception to the general commuting expense rule. This allows a deduction for traveling expenses while away from home in pursuit of a trade or business. Section 162(a)(2). Petitioner's tax home unquestionably was in Pasco, Washington in 1977 and 1978. See Coombs v. Commissioner, supra at 1274; McCallister v. Commissioner, supra at 507. Accordingly, we must decide whether petitioner was temporarily employed away from home during those years. Commissioner v. Peurifoy, 254 F.2d 483 (4th Cir. 1957), affd. per curiam, 358 U.S. 59 (1958). If the employment is considered temporary, petitioner may deduct all his travel expenses. This would help alleviate the burden of duplicate living expenses incurred because *114 of the exigencies of business. Kroll v. Commissioner, 49 T.C. 557 (1968). Whether a job is temporary or indefinite is purely a question of fact. This Court considers a job to be temporary if it is expected to last for only a short period of time, and not a substantial or indefinite period of time. Tucker v. Commissioner, 55 T.C. 783 (1971); McCallister v. Commissioner, supra. The Ninth Circuit, to which an appeal of this case would lie, applies a slightly different test to determine whether the taxpayer's employment is temporary or whether the taxpayer should shift his tax home to the area of employment. This test was enunciated in Harvey v. Commissioner, 283 F.2d 491, 495 (9th Cir. 1960), reversing 32 T.C. 1368 (1959), as follows: An employee might be said to change his tax home if there is a reasonable probability Known to him that he may be employed for a long period of time at his new station. What constitutes "a long period of time" varies with circumstances surrounding each case. (Emphasis in original.) Under the tests of this Court or the tests of the Ninth Circuit, petitioner *115 did not hold a temporary job away from home within the meaning of section 162. During the taxable years in issue, petitioner was working on WNP 2 at Hanford, which at the time of trial was 85 percent completed. He now works at another nuclear plant at Hanford, which is over 40 percent complete. He has worked at Hanford from July 1976 to the time of trial. It is clear that Hanford is an extensive program, and that construction on one site or another is contemplated to continue into the indefinite future. Far from constituting a place of temporary employment, Hanford was petitioner's principal indefinite place of employment and therefore he was not away from home in 1977 and 1978. Even if no single job was of significant duration, the size of the entire project at Hanford was such that petitioner reasonably could, and we find that in 1977 and 1978 he did, anticipate continued employment on one phase or another for an indefinite period of time. A brief pause in employment in December 1977 does not change the result. The pace of construction is often interrupted by short delays. We are convinced that during the taxable years before us petitioner expected continued employment at *116 Hanford for an indefinite period of time. This factor distinguishes this case from Frederick v. United States, 603 F.2d 1292 (8th Cir. 1979), upon which petitioner relies. [5]
There is no question but that the "travel pay" was properly included on petitioner's W-2 forms and in his income on his returns. Section 61. See Coombs v. Commissioner, supra at 1272. Petitioner was under the mistaken impression that "if you have an agreement with your contractor to reimburse your mileage * * * [the mileage] is deductible." This is simply not so. A contract cannot convert nondeductible commuting expense into deductible travel expense. Travel expense incurred while on the job may be deductible, but the cost of getting to and from the job is nondeductible commuting expense unless the job qualifies under the "away from home" exception. We hold that petitioner was not away from home in 1977 and 1978 and therefore he cannot deduct his commuting expenses. Respondent's determination is sustained. Decisions will be entered under Rule 155. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated. ↩
2. Pursuant to the order of assignment, on the authority of the "otherwise provided" language of Rule 182, Tax Court Rules of Practice and Procedure↩, the post-trial procedures set forth in that rule are not applicable in this case.
3. Section 162 provides in pertinent part: (a) IN GENERAL.--There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including-- (2) traveling expenses * * * while away from home in the pursuit of a trade or business * * *.↩
4. In light of our holding in this case, we find it unnecessary to address the sleep or rest rule. United States v. Correll, 389 U.S. 299↩ (1967).
5. See Weston v. Commissioner, T.C. Memo. 1981-166↩.