LAWRENCE L. AND MARY B. MELTON, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Melton v. Commissioner
Docket No. 9372-84.
United States Tax Court
T.C. Memo 1986-92; 1986 Tax Ct. Memo LEXIS 513; 51 T.C.M. (CCH) 577; T.C.M. (RIA) 86092; March 10, 1986. *513 Petitioner's employment as a journeyman electrician at the North Anna Nuclear Power Plant in Mineral, VA, was not "temporary." Petitioner's expenses in travelling between Mechanicsville, VA, where he lived, and Mineral, VA, where he worked, are not deductible. Lawrence L. and Mary B. Melton, pro se. Richard F. Stein, for the respondent. DRENNEN
MEMORANDUM OPINION DRENNEN, Judge: Respondent determined deficiencies in petitioners' Federal income tax as follows: Year
Deficiency
1981
$1,642.00
1982
1,528.00
The issue for our *514 decision is whether travel expenses incurred by petitioner Lawrence L. Melton [1] in travelling from his residence to his place of employment are deductible as ordinary and necessary business expenses pursuant to section 162. [2]
Some of the facts have been stipulated and are found accordingly. The stipulation of facts and joint exhibits are incorporated herein by this reference. For convenience, and to facilitate our disposition of this case, we have combined our findings of fact and opinion. Petitioners Lawrence L. and Mary B. Melton are husband and wife and resided in Mechanicsville, Virginia with their two children at the time they filed their petition in this case. They have owned their present home since sometime in 1975. Petitioners filed a timely joint Federal income tax return for the taxable years 1981 and 1982 with the Internal Revenue Service Center in Memphis, Tennessee. Petitioner is an electrician *515 and a member of Local 666 of the International Brotherhood of Electrical Workers (Local 666). Local 666 is based in Richmond, Virginia. When he joined Local 666, petitioner completed the requirements for classification as a journeyman wireman. Local 666 had jurisdiction over the assignment of electricians to the construction by Virginia Electric Power Company (VEPCO), of North Anna Nuclear Power Plant (North Anna). From 1974 to 1980, petitioner was employed at North Anna in Mineral, Virginia by electrical engineers Fischbeck and Moore, and H. P. Foley, during the construction phase of the plant. From November 1980 until May 1983, petitioner was employed at North Anna by Fruin Colon Corp., performing electrical maintenance work. Petitioner was referred to Fruin Colon Corp. by Wayne P. Stallard (Stallard), Assistant Business Manager of Local 666. Petitioner stated that when he began working for Fruin Colnon Corp., Stallard told him that the job would last six to eight months. The following letter was written by Stallard on April 27, 1983: To whom it may concern: For some time we have been supplying electricians out of our hiring hall to the North Anna Power Station project. *516 Depending on the work load required by the project, sometimes the number of electricians working there is high, and at other times the project is laying off and the number of electricians employed there is low. Because of the constantly changing work load, it is very hard to say how long an electrician will be employed at the project. Sincerely yours, /s/ Wayne P. Stallard During the time that petitioner worked at North Anna he lived in Mechanicsville, Virginia with his family and commuted back and forth to North Anna every day, a distance of 106 miles round trip. During 1981, petitioner worked every week and a total of 339 days at North Anna. On their 1981 return, petitioners deducted $5,303 as employee business expenses based on petitioner's claim that he drove a total of 35,934 miles to and from North Anna in 1981. In 1982, petitioner worked a total of 353 days at North Anna. On their 1982 return, petitioners deducted $5,466 as employee business expenses based on petitioner's claim that he drove 37,418 miles to and from North Anna in 1982. From January through May of 1983, petitioner worked every other week at North Anna, due to reductions in the work force. Petitioner *517 stated that often in his line of work, employers would hire more people than they needed, or lay off more people than they should and then hire the people back. He stated that it was typical in his profession for workers to have difficulty finding continuous work. Petitioner terminated his employment at North Anna in May 1983 when VEPCO entered into a new contract with Daniels Construction, a nonunion contractor. Within two months of his termination, petitioner began working in a nuclear plant in New Jersey. Petitioner contends that the expenses he incurred in travelling from his home in Mechanicsville, Virginia to North Anna are deductible as ordinary and necessary business expenses. He urges us to find that his job with Fruin Colon Corp. was "temporary" in nature. Respondent contends that petitioner's job was "indefinite" in nature and therefore the expenses incurred were not deductible. [3]
Section 262 provides that "no deduction shall be allowed for *518 personal, living, or family expenses." In accordance with section 262, it is well settled that a taxpayer's expenditures for daily commuting between his home and place of employment are nondeductible personal expenses. Commissioner v. Flowers,326 U.S. 465 (1946). The Courts, and respondent, however, have recognized an exception to this rule when the taxpayer's expenses are incurred in travelling to and from a temporary job outside of his normal area of employment. McCallister v. Commissioner,70 T.C. 505 (1978); Norwood v. Commissioner,66 T.C. 467 (1976); Rev. Rul. 190, 1953-2 C.B. 303. None of petitioner's jobs were "permanent" in nature. The impermanence of construction work, however, does not resolve the issue of whether petitioner's employment was temporary. Commissioner v. Peurifoy,254 F. 2d 483, 486 (4th Cir. 1957), affd. per curiam 358 U.S. 59 (1958); Kasun v. United States,671 F.2d 1059, 1061 (7th Cir. 1982). In order to qualify for the deduction petitioner's job or jobs at the North Anna plant must have been "temporary" as contrasted with "indefinite" or *519 "indeterminate." Commissioner v. Peurifoy,supra. The Fourth Circuit Court of Appeals, to which an appeal of this would lie, stated in Peurifoy that to come within the exception to the commuting rule: It is essential that the employment away from the established tax home shall be temporary in contemplation at the time of its acceptance and not indeterminate in fact as it develops. However justified he may be from a subjective or personal point of view in maintaining a residence away from his post of duty, his travel and maintenance expense at his post of duty is not an ordinary and necessary business expense * * * if the employment is of substantial or indefinite duration. [254 F.2d at 486]. Temporary employment is employment that can be expected to last for only a short period of time. McCallister v. Commissioner,supra at 509. The employment must be temporary in contemplation at the time of its acceptance and not indeterminable in fact as it develops. McCallister v. Commissioner,supra.Petitioner bears the burden of proving that his employment was temporary. Welch v. Helvering,290 U.S. 111 (1933); *520 Rule 142(a). The only evidence presented by petitioner to support his contention that his job was "temporary" in nature is his own self-serving assertion, and also his claim that when he was employed by Fruin Colon Corp. he was told by Stallard that the job would last six to eight months. However, the letter written by Stallard and introduced into evidence by petitioner states that ". . . it is very hard to say how long an electrician will be employed at the project." In addition, petitioner himself acknowledged that it was difficult in his profession to have continuous work. He stated that often employers hired too many people and then had to lay them off, or laid off too many people and then had to hire them back. He stated that he, himself, never knew if he was "coming or going." We find that petitioners have failed to carry their burden of providing that petitioner's job was "temporary" in nature. Petitioner's testimony in fact offers support for respondent's contention that the job was instead "indefinite." For by his own admission, petitioner was never sure how long a job would last. However, petitioner's experience in working at North Anna during the construction of *521 the plant should have given him some assurance that his electrical maintenance job was not temporary. There is no evidence that petitioner was not well considered by his new employer. Moreover, respondent's contention is supported further by the fact that petitioner ended up spending over two years in the employ of Fruin Colon Corp. and was terminated there only because his employer lost its contract. Accordingly, for the reasons detailed above, we find that petitioner's employment at North Anna in 1981 and 1982 was "indefinite." Therefore, we sustain respondent's determination. Decision will be entered for the respondent.
Footnotes
1. All references to petitioner refer to Lawrence L. Melton. ↩
2. All section references are to the Intenral Revenue Code of 1954, as amended, and in effect during the taxable years at issue. All rule references are to the Tax Court Rules of Practice and Procedure.↩
3. Petitioner did not specifically agrue that his expenses were deductible as incurred "while away from home" under section 162(a). This argument would be unavailing unless petitioner could first survive section 262.↩