F. B. AND G. ZACK, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Zack v. Commissioner
Docket No. 4348-85.
United States Tax Court
T.C. Memo 1987-82; 1987 Tax Ct. Memo LEXIS 78; 53 T.C.M. (CCH) 106; T.C.M. (RIA) 87082; February 11, 1987. *79 Oddie Richard, for the petitioners. Meryl J. Fuchs-Goldberg, for the respondent. GOLDBERG
MEMORANDUM OPINION GOLDBERG, Special Trial Judge: This case was heard pursuant to the provisions of section 7456(d)(3) of the Internal Revenue Code of 1954 (redesignated section 7443A(b)(3) by section 1556 of the Tax Reform Act of 1986, Pub. L. 99-514, 100 Stat. 2755) and Rule 180 et seq. of the Tax Court Rules of Practice and Procedure.[1]
Respondent determined deficiencies in petitioners' Federal income tax for the taxable years 1981 and 1982 in the amounts of $4,711.18 and $5,547.27, respectively. Due to concessions by the parties, the issues for our determination are: (1) whether petitioner F. B. Zack (Mr. Zack) is entitled to deductions for employee business expenses incurred for 1981 and 1982 in the amounts of $6,550.00 and $5,100.00, respectively; (2) whether petitioner G. Zack (Mrs. Zack) is entitled to deductions claimed for supplies *80 for 1981 and 1982 in the amounts of $4,807.85 and $9,564.65, respectively; (3) whether Mrs. Zack is entitled to business travel expenses claimed for 1981 and 1982 in the amounts of $3,100.00 and $3,870.00, respectively; and (4) whether petitioners are entitled to a theft loss in 1981 in excess of $773.00 allowed by respondent. All of the facts have been stipulated and the case was submitted for decision under Rule 122. [2]
Petitioners resided in College Park, Georgia, at the time their petition was filed. Petitioners timely filed their joint U.S. Individual Income Tax returns for the taxable years 1981 and 1982 with the Internal Revenue Service Center in Chamblee, Georgia. For clarity, we will combine the specific findings of fact and opinion for each issue hereinafter discussed. Employee Business Expenses
As of April 1986, Mr. Zack was employed as a ramp service man for Trans World Airlines (TWA) at Washington *81 National Airport, Washington, D.C. Mr. Zack began his employment with TWA in 1969, and he has been working at Washington National Airport since October 1977. His employer considered his employment at Washington National Airport to be "indefinite". Prior to October 1977, he was laid off from his employment with TWA from July 1974 through June 1975 and again from June 1976 to October 1977. During the years 1981 and 1982, Mr. Zack was a member of the International Machinists Union. As a full-time union employee, he was hired pursuant to a collective bargaining agreement negotiated between the union and TWA. On Forms 2106, Employee Business Expenses, attached to his joint 1981 and 1982 income tax returns, Mr. Zack claimed deductible business expenses of $6,550.00 and $5,100.00, computed as follows: 1981
Business miles - 13,800 at $ .20
$2,760.00
Room & Board Expense
3,790.00
TOTAL
$6,550.00
1982
Actual Expenses: Gasoline, oil, lubricants,
etc.
$2,760.00
Room & Board Expense
2,340.00
TOTAL
$5,100.00
Mr. Zack never received any reimbursement from TWA for expenses incurred while living and working in Washington, D.C. Respondent *82 in his notice of deficiency mailed November 24, 1984, disallowed these deductions in their entirety on the ground that Mr. Zack's job with TWA was indefinite rather than temporary. The burden of proof is on the petitioner to establish that he has paid the claimed expenses and that under the law he is entitled to the deductions. Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a). Here, Mr. Zack has done neither; therefore, we sustain respondent's determination. Even if, however, he was able to substantiate the claimed expenses, he still would not be entitled to the deductions. Personal living expenses are not ordinarily deductible. Sec. 262. Section 162(a)(2) allows a deduction for "traveling expenses * * * while away from home in the pursuit of a trade or business." A taxpayer may deduct what might otherwise be personal living expenses if: (1) the expenses are ordinary and necessary; (2) the expenses are incurred while petitioner is away from home; and (3) the expenses are incurred in the pursuit of a trade or business. Commissioner v. Flowers,326 U.S. 465, 470 (1946); Foote v. Commissioner,67 T.C. 1, 3 (1976). This Court *83 has held that a taxpayer's principal place of employment is generally considered his tax home for purposes of section 162(a)(2). Mitchell v. Commissioner,74 T.C. 578, 581 (1980); Kroll v. Commissioner,49 T.C. 557 (1968). Under an exception to this rule, a taxpayer's principal place of employment is not his tax home when his employment there is only temporary rather than indefinite. Michaels v. Commissioner,53 T.C. 269, 273 (1969). In these circumstances, certain otherwise nondeductible living expenses may be deducted as away from home expenses under section 162(a)(2). Commissioner v. Peurifoy,254 F.2d 483, 486 (4th Cir. 1957), affd. per curiam 358 U.S. 59 (1958); Mitchell v. Commissioner,supra;Michaels v. Commissioner,supra.Therefore, the deductibility of the claimed business expenses depends upon whether petitioner's employment by TWA at Washington National Airport in 1981 and 1982 was temporary or indefinite. Based on the record, Mr. Zack's employment during 1981 and 1982 was indefinite in nature. He has been continuously employed at Washington National *84 Airport since October 1977 and has no reason to believe that his job was temporary. Even his employer categorized his employment as "indefinite". Therefore, his tax home was in the Washington, D.C. area during 1981 and 1982 and he is not entitled to deduct his personal living expenses as section 162(a)(2) deductions. [3]
Supplies and Business Travel Expenses
During 1981 and 1982, Mrs. Zack operated a cleaning service under the business name of "Georgia Zack Cleaning Service". She cleaned various apartments located in College Park, East Point, and Decatur, Georgia. In each year, she reported her gross income and deductions on Schedule C -- Profit or (Loss) From Business or Profession, attached to her joint Federal income tax return. In 1981 and 1982, she claimed deductions for supplies in the amounts of $7,021.80 and $11,200.00, respectively. She produced no substantiation that she incurred any expenses in excess of $2,213.95 for 1981 and $1,635.35 *85 for 1982. Therefore, in each year respondent disallowed the remainder. Also on Schedule C for 1981 and 1982, Mrs. Zack claimed a deduction for business mileage computed as follows: 1981
15,000 miles at $ .20/mile
$3,000.00
10,000 miles at $ .11/mile
1,100.00
TOTAL
$4,100.00
1982
15,000 miles at $ .20/mile
$3,000.00
17,000 miles at $ .11/mile
1,870.00
TOTAL
$4,870.00
Mrs. Zack maintained no mileage records which would have reflected the number of miles traveled in 1981 and 1982 in connection with her business. Respondent allowed her a $1,000.00 deduction in each year (5,000 miles at $ .20/mile = $1,000.00) and disallowed the remainder. Again, petitioner has the burden of proof to establish that she is entitled to the claimed deductions. Welch v. Helvering,supra; Rule 142(a). She has failed to meet her burden. In absence of any testimony or other sufficient evidence that would enable us to possibly allow her under Cohan v. Commissioner,39 F.2d 540 (2d Cir. 1930), additional amounts for these expenses above those allowed by respondent, we must hold for the respondent. Theft Loss
*86 On their 1981 joint Federal income tax return, petitioners claimed a theft loss deduction of $4,900.00 on Form 4684, Casualties and Thefts. According to the detailed incident report filed by Mr. Zack with a police officer, the theft occurred on June 17, 1981. Mr. Zack reported that after returning home he noticed someone had entered his house through the kitchen window. Numerous personal household items were reported taken by the burglar. Among the items reported were two televisions, two cameras, jewelry, a tape recorder, and personal clothing. According to the report, the value of these items totalled $5,000.00. After the $100.00 deductible, petitioners claimed a deduction of $4,900.00. Respondent allowed petitioners a theft loss deduction in the amount of $773.00. Since petitioners were unable to substantiate an amount greater than this, respondent disallowed $4,127.00. Taxpayers may deduct a theft loss sustained during the taxable year and that is not compensated for by insurance or any other form of compensation. Secs. 165(a), (c)(3). Petitioners are entitled to a theft loss deduction only if they establish the following: the occurrence of the theft, the identity *87 of the stolen items, the adjusted basis, and the fair market value of those items. Secs. 1.165-8(a), (c), (d); 1.165-7(b), Income Tax Regs. Petitioners here have the burden of proof. Rule 142(a). From the record, we believe that petitioners indeed suffered a theft loss. Absent any testimony or other evidence which would explain how they arrived at the amount of their loss, we must sustain respondent's determination. Although we sympathize with petitioners, in no way can this Court make an intelligent approximation of their loss. Decision will be entered under Rule 155.
Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as amended and as in effect in the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. At the conclusion of the opening arguments, the parties were given until June 13, 1986 to file simultaneous briefs. Respondent filed his brief on June 16, 1986, pursuant to leave granted by the Court. Petitioners' counsel chose not to file a brief.↩
3. Even if Mr. Zack had established that his job was temporary rather than indefinite, we would have to sustain respondent's determination on this issue because Mr. Zack provided no substantiation for his claimed expenses.↩