Thomas J. DOYLE and Laura A. Doyle, Petitioners,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent.

No. 19696.

United States Court of Appeals
Ninth Circuit.

Jan. 3, 1966.

Robert E. Tout, Stockton, Cal., for petitioners.

Richard M. Roberts, Acting Asst. Atty. Gen., Lee A. Jackson, Robert N. Anderson, Lawrence B. Silver, Michel Cavanaugh, Dept. of Justice, Washington, D. C., for respondent.

Before HAMLIN, DUNIWAY, and ELY, Circuit Judges.

ELY, Circuit Judge:

Petitioners, husband and wife, claimed certain expenses, incurred in 1958 and 1959, as deductible "traveling expenses" for federal income tax purposes. The Tax Court concluded that the expenses were not deductible, and the Petition for Review followed. Our jurisdiction derives from section 7482 of the Internal Revenue Code of 1954.

The petitioner husband will be called the taxpayer. In 1944, he and his family established a home in Lodi, California. The wife's family resided in that city, and since the taxpayer intended to engage himself in work on construction projects overseas, he wished his wife to be near her relatives in his absence. From 1950 through 1960, the taxpayer worked as a construction supervisor on different projects which took him to Eniwetok, Morocco, the Philippine Islands, and Panama for periods ranging in duration from five to twenty months. His family did not accompany him on these tours. He and his wife had invested approximately $150,000 in real estate which was situated in the vicinity of their home. When the taxpayer's work took him away from Lodi, his wife managed the real property, most of which was under lease.

In September, 1957, and prior thereto, Ralph M. Parsons Company was engaged in the performance of a design and supervision contract at Wright-Patterson Air Force Base, Dayton, Ohio. Its resident engineer at Dayton had suddenly died, and, from its headquarters in Los Angeles, California, it sent a telegram to taxpayer. This resulted in taxpayer's immediate employment to fill the vacant position. Although his new employer's contract with the Army Corps of Engineers provided that the position be occupied by an engineer, and although taxpayer did not technically meet the qualification, he was selected on the basis of his experience.

When he first went to Ohio, the taxpayer understood that his employment would be for a period of not over six months. Under the terms of the contract between the Ralph M. Parsons Company and the Army, the project was to be completed no later than November, 1958, fourteen months following taxpayer's employment. There had been delays, the work was behind schedule, and shortly after his arrival in Dayton, the taxpayer instituted more satisfactory operating procedures. The Corps of Engineers accepted taxpayer as the project's resident manager, and within three months from the beginning of his work, late in 1957, the taxpayer understood that he would remain in Ohio for a period beyond the six months which was originally estimated and, possibly, until the completion of the project. He remained until January, 1960, a total period of two years and four months. His work was terminated because of a personnel reduction made before the project was completed.

The taxpayer contends that expenses which he incurred in Ohio in 1958 and 1959 were incurred while he was "away from home" and that, hence, they were deductible "traveling expenses" within

the contemplation of sections 62(2) (B) [1] and 162(a) (2) [2] of the Internal Revenue Code of 1954.

■ The Tax Court has determined, in effect, that the taxpayer was not "traveling" in 1958 and 1959. We are not persuaded that its decision, under the circumstances, is clearly erroneous.

Within three months after undertaking his work in Ohio, it became clear to taxpayer that his presence there would not be merely temporary. While he could not then foresee the precise duration of the employment, he became aware that the period would be indefinite. This may not be a controlling factor (See Harvey v. Commissioner, 283 F.2d 491 (9th Cir. 1960), but it cannot be held to be an insignificant one. Peurifoy v. Commissioner, 358 U.S. 59, 79 S.Ct. 104, 3 L.Ed.2d 30 (1958)).

■■ If we assume that taxpayer's "home", in a tax sense, remained in California, the mere fact that the claimed expenses were incurred by the taxpayer while he was "away from home" does not, of itself, establish their deductibility. In Commissioner of Internal Revenue v. Flowers, 326 U.S. 465, 66 S.Ct. 250, 90 L.Ed. 203 (1946), the Supreme Court held that, to qualify for deductibility, the expense must be incurred "while away from home", it must be incurred "in pursuit of business", and "The expense must be a reasonable and necessary *traveling* expense, as that term is generally understood. This includes such items as transportation fares and food and lodging expenses incurred *while traveling*", Commissioner of Internal Revenue v. Flowers, supra at page 470, 66 S.Ct. at 252. (Emphasis added.)

Here, the Tax Court, in disallowing the claimed deductions, soundly acted within its fact-finding power. The taxpayer was not transferred by an existing employer to another location for temporary duty. Cf. Harvey v. Commissioner, supra. He accepted the position in Ohio and learned within three months that he would probably be employed there for a relatively long period of time. Our court has suggested that

> "An employee might be said to change his tax home if there is a reasonable probability *known to him* that he may be employed for a long period of time at his new station."

Harvey v. Commissioner, supra, 283 F.2d at 495. (Emphasis supplied.)

■ It appears to have been the personal choice of the taxpayer that his wife should live in California while he remained in Ohio for the twenty-eight-month period. See Ford v. Commissioner, 227 F.2d 297 (4th Cir. 1955); Hammond v. Commissioner, 213 F.2d 43 (5th Cir. 1954); Carragan v. Commissioner, 197 F.2d 246 (2d Cir. 1952); Ney v. United States, 171 F.2d 449 (8th Cir. 1948), cert. denied, 336 U.S. 967, 69 Sup. Ct. 940, 93 L.Ed. 1119 (1949). There ap-

---

1. "§ 62. Adjusted gross income defined.

For purposes of this subtitle, the term 'adjusted gross income' means, in the case of an individual, gross income minus the following deductions:

　＊　　＊　　＊　　＊　　＊

(2) Trade and business deductions of employees.

　＊　　＊　　＊　　＊　　＊

(B) Expenses for travel away from home.

The deductions allowed by part VI (sec. 161 and following) which consist of expenses of travel, meals, and lodging while away from home, paid or incurred by the taxpayer in connection with the performance by him of services as an employee."

2. At the time the deduction involved here was claimed, § 162 read in pertinent part:

"(a) In general—There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including ＊ ＊ ＊

(2) traveling expenses (including the entire amount expended for meals and lodging) while away from home in the pursuit of a trade or business ＊ ＊ ＊."

Section 162(a) (2) was amended in 1962 by striking out "(including the entire amount expended for meals and lodging)" and inserting in lieu thereof "(including amounts expended for meals and lodging other than amounts which are lavish or extravagant under the circumstances ＊ ＊ ＊)."

pears to have been no other reason for her failure to accompany him, and the choice may have been made to avoid the necessity of employing another to substitute for the wife in the management of the California properties. Certainly, this was an inference which the Tax Court might properly have considered along with the taxpayer's working history and his long existing intent, followed by practice, that his wife should not move with him to all sites of his employment.[3]

Affirmed.

3. In 1964, Congress provided that a taxpayer should be allowed a deduction for the expense of moving his family if he is employed in a new area for nine of the first twelve months immediately following his arrival. Int.Rev.Code of 1954, § 217, added, § 213(a) (1), 78 Stat. 50 (1964). This indicates a recent congressional view that when one is to be employed in a new area for the defined period or longer, he is not to be considered, while in that area, as "traveling". Moreover, the nine months period prescribed by Congress might logically afford a reasonable measurement of that which is "a long period of time", as we employed the quoted words in Harvey v. Commissioner, supra.