OPINION During the first 6 months of 1967, GAC paid petitioner a living allowance of $10 per day, or a total of $1,830. We must decide whether petitioner may deduct this amount, which was included in his reported income, under section 162(a) (2). Section 162(a) provides that there shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business including traveling expenses (including amounts expended for meals and lodging other than amounts which are lavish or extravagant under the circumstances) while away from home in the pursuit of a trade or business. The only obstacle which the Commissioner has placed in the way of allowance of the deduction is his contention that during the first o months of 1967 petitioner’s “home” was in Seattle or Eenton, Wash., so that the expenses incurred there were not incurred “away from home.” Petitioner contends that during the first 6 months of 1967 his “home” was in Akron, Ohio. In the case of a taxpayer who is on a work assignment away from his principal place of employment, this Court has established its position that he is “away from home” only when his assignment is for a “temporary” as distinguished from a “substantial,” “indefinite,” or “indeterminate” period of time. We have characterized an employment as being “indefinite” if its termination cannot be foreseen within a fixed or reasonably short period of time. John J. Harvey, 32 T.C. 1368, revd. 283 F. 2d 491, 492 (C.A. 9, 1960), and the cases cited therein. See also Ronald D. Kroll, 49 T.C. 557. The Court of Appeals, Ninth Circuit, in its reversal of Harvey, stated its view that the place where a taxpayer is employed for an “indefinite” term — indefinite in the sense that its exact duration could not be predicted — can, in some circumstances, qualify as an employee’s “away from home” post. To determine in what circumstances this may be the case Court of Appeals devised the following test, having regard to the apparent purpose of the deduction to equalize the burden of living expenses between the taxpayer whose employment requires travel and the taxpayer whose employment does not: An employee might be said to change his tax home if there is a reasonable probability known to Mm that he may be employed for a long period of time at his new station. What constitutes “a long period of time” varies with circumstances surrounding each case. If such be the case, it is reasonable to expect him to move his permanent abode to his new station, and thus avoid the double burden that the Congress intended to mitigate. On the other hand, if it is very likely that taxpayer’s stay away from home will be short; then it seems quite unreasonable to expect him to move his domicile, even though it cannot be said that his employment will terminate “within a fixed or reasonably short period,” to use the words of the Tax Court. [283 F. 2d at 495.] Under either the temporary-indefinite test of this Court or under the Harvey test, we think Boeing failed to qualify as petitioner’s “away from home” post during the first 6 months of 1967. His assignment to Boeing, as of June 10, 1966, was both for an “indefinite” and for a “substantial” period of time as distinguished from “temporary.” And, there was a reasonable probability known to him that he would be employed at Boeing for a “long period of time” within the meaning of the Harvey test. See Doyle v. Commissioner, 854 F. 2d 480, 483 fn. 3 (C.A. 9, 1966), affirming a Memorandum Opinion of this Court. We hold the expenses which petitioner incurred at Boeing are not deductible as expenses incurred “away from home” within the meaning of section 162(a) (2). Decision will he entered, for the respondent.