TERRY L. HAZELTON, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Hazelton v. Commissioner
Docket No. 15775-80.
United States Tax Court
T.C. Memo 1982-238; 1982 Tax Ct. Memo LEXIS 508; 43 T.C.M. (CCH) 1287; T.C.M. (RIA) 82238; May 3, 1982. Harry P. Friedlander, for the petitioner. James J. Everett, for the respondent. FEATHERSTON
MEMORANDUM FINDINGS OF FACT AND OPINION FEATHERSTON, Judge: Respondent determined a deficiency in the amount of $ 1,401 in petitioner's 1978 Federal income tax. The sole issue for decision is whether, under section 162(a), [1] petitioner is entitled to deduct transportation expenses incurred in traveling each working day between his residence and his jobsite. The trial record consists of a stipulation of facts and certain *509 stipulated exhibits. Included among the stipulated exhibits is a portion of the testimony in a case tried before this Court, Neal v. Commissioner,T.C. Memo. 1981-407, which involved a similar deduction claimed by an ironworker who was employed at the same jobsite as petitioner. It is stipulated that, if called in this case, the witnesses would testify as they did at the Neal trial. The parties have also stipulated an affidavit by petitioner and have agreed that, if called as a witness, he would testify to statements contained therein. FINDINGS OF FACT Petitioner Terry L. Hazelton resided in Scottsdale, Arizona, when he filed his petition. He timely filed a Federal income tax return for 1978 with the Internal Revenue Service Center, Ogden, Utah. His income tax return for 1978 shows that his address at the time it was filed was 3131 W. Campbell, Phoenix, Arizona. During 1978, petitioner was employed by Bechtel Power Corporation at the Palo Verde Nuclear Generating Station (Palo Verde). He worked as an engineer, operating a large crane. As of December 1981, petitioner was a member of the International Union of Operating Engineers Local No. 428 at Phoenix, *510 Arizona, as he had been for the preceding 10 years. Construction of the Palo Verde Nuclear Generating Station is the largest single construction project in Arizona history. Begun in 1976, it involves the sequential construction of three separate nuclear generating plants, each including approximately ten buildings. The Palo Verde project will not be completed until sometime in 1986. Petitioner has worked at Palo Verde continuously from October 20, 1976, through at least December 1, 1981. During 1978, he usually commuted each day from his home to Palo Verde. Palo Verde is located near the town of Wintersburg, approximately 50 miles from downtown Phoenix. On his 1978 Federal income tax return, petitioner claimed an employee business expense deduction of $ 4,240 (computed on the basis of 15,000 miles at 17 cents per mile and 16,900 miles at 10 cents per mile). Respondent disallowed in full the claimed deduction. OPINION Deeply imbedded in the tax law is the principle that costs incurred in commuting between one's residence and place of business are generally nondeductible, personal expenses. Commissioner v. Flowers,326 U.S. 465 (1946); secs. 1.162-2(e) *511 and 1.262-1(b)(5), Income Tax Regs. Respondent has conceded on brief, however, that if we find that petitioner's employment at Palo Verde was "temporary" rather than "indefinite," then petitioner's commuting expenses are deductible [2] under section 162(a). [3]
Where employment is temporary, some related expenses, which would otherwise be personal, may be considered to arise from the exigencies of business and not from the taxpayer's personal choice to live a distance from his work. Peurifoy v. Commissioner,358 U.S. 59 (1958), affg. per *512 curiam 254 F.2d 483 (4th Cir. 1957), revg. 27 T.C. 149 (1956); Norwood v. Commissioner,66 T.C. 467, 469 (1976). Employment is considered temporary if it "can be expected to last for only a short period of time." Tucker v. Commissioner,55 T.C. 783, 786 (1971). Even if it is known that a particular job may or will end at some future date, that job is not temporary if it is expected to last for a substantial or indefinite period of time. Jones v. Commissioner,54 T.C. 734, 740 (1970), affd. 444 F.2d 508 (5th Cir. 1971); see Norwood v. Commissioner,supra at 469. Employment which is originally temporary may become indefinite due to changed circumstances or the passage of time. Norwood v. Commissioner,supra at 470; Kroll v. Commissioner,49 T.C. 557, 562 (1968). The burden of proving that his employment was temporary rests with petitioner. Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a). The Court of Appeals for the Ninth Circuit, to which appeal in this case would lie, has relied on a slightly different analysis *513 when assessing the temporary nature of employment. Objecting to the restrictive method used in applying the "temporary" versus "indefinite" distinction, that court has sought to ascertain whether there was a reasonable probability known to the taxpayer that his employment would be "substantially short" or "substantially long." Wright v. Hartsell,305 F.2d 221, 224, fn. 1 (9th Cir. 1962); Harvey v. Commissioner,283 F.2d 491, 495 (9th Cir. 1960), revg. and remg. 32 T.C. 1368 (1959). In later cases, the Ninth Circuit has used the term "indefinite," see Wills v. Commissioner,411 F.2d 537, 541 (9th Cir. 1969), affg. 48 T.C. 308 (1967), and has held that the taxpayer's later awareness that an employment period would be indefinite "cannot be held to be an insignificant [factor]." Doyle v. Commissioner,354 F.2d 480, 482 (9th Cir. 1966), affg. a Memorandum Opinion of this Court; see Peurifoy v. Commissioner,358 U.S. 59 (1958). We think, then, that despite any distinction that may still exist between this Court's analysis and that of the Ninth Circuit, both analyses would lead *514 to a conclusion that petitioner's job was "indefinite" in 1978. Thus, respondent correctly denied the claimed transportation expense deduction. Whatever the status of petitioner's employment in 1976 when he began work at Palo Verde, it is clear that in 1978, it was no longer temporary. By 1978, with the passage of time, there was a reasonable probability known to petitioner that his employment would continue for an "indefinite" or "substantially long" period of time. Indeed, he was still employed at the Palo Verde project in December 1981 when he gave his affidavit. See Wills v. Commissioner,411 F.2d at 541. Petitioner's main contention seems to be that his lack of job security made his position temporary in nature. In his affidavit, he states that, in December 1981, "I do not know whether or not next week I will be employed at Palo Verde" and that his actual work may vary. His affidavit adds: "My job that I may have at Palo Verde next week may be helping ironworkers set rebar or may be helping carpenters set forms. It depends on what * * * [the electric company for whom Palo Verde was being built] wants." This uncertainty as to tenure or assignments *515 is not sufficient to make petitioner's job in 1978 a temporary position. The very use of the word "indefinite" seems to anticipate jobs of unknown or indeterminate future duration. Petitioner has presented no evidence showing circumstances known to him making it reasonably probable that his employment in 1978 was expected to last only a substantially short time. Cf. Harvey v. Commissioner,283 F.2d at 495. Indeed, the opposite inference is, we think, warranted given the size of the project, its estimated completion date in 1986, and the presumably continuous nature of petitioner's employment since October 1976. The suggestion that his exact duties might change according to the needs of the electric company is not decisive. Petitioner's employment at the Palo Verde site would presumably have continued regardless of his specific duties, and it is the expected continuation of petitioner's employment that is significant. Petitioner frames his argument in terms of his expectations of the job's duration at the inception of his employment in October 1976, citing Commissioner v. Peurifoy,254 F.2d 483 (4th Cir. 1957). The Peurifoy court, however, *516 established a two-prong test: To be labeled temporary, "it is essential that the employment * * * be temporary in contemplation at the time of its acceptance and not indeterminate in fact as it develops [emphasis added]." Commissioner v. Peurifoy,254 F.2d at 486. See Wills v. Commissioner,supra, where the Ninth Circuit evaluated the taxpayer's expectations at an appropriate date 3 years after his employment began. Thus, petitioner's argument relying on portions of the testimony of "experts" elicited in Neal v. Commissioner,T.C. Memo. 1981-407 (where this Court reached a conclusion consistent with the one we reach here) to establish that he thought his employment temporary in 1976 is of no avail, if, as we find, his expectation in 1978 was that it would be of indefinite tenure. Moreover, in Neal, this Court found this "expert" testimony of little weight. Because that testimony concerned ironworkers' jobs and the year 1977, we find that, for our purposes, it is entitled to even less weight with respect to petitioner's employment as a crane operator in 1978. Petitioner thus has failed to carry his burden of proving *517 that his job was temporary in 1978, and we hold that respondent correctly denied the claimed expense deduction. To reflect the foregoing, Decision will be entered for the respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as in effect during the tax year in issue, unless otherwise noted. All "Rules" references are to the Tax Court Rules of Practice and Procedure.↩
2. Respondent expressly requests us to decide the case based upon the temporary versus indefinite test and not to apply our holding in Turner v. Commissioner,56 T.C. 27 (1971), remd. per order (2d Cir. Mar. 21, 1972). The Court accepts this concession. See McCallister v. Commissioner,70 T.C. 505 (1978); Norwood v. Commissioner,66 T.C. 467↩ (1976). 3. SEC. 162. TRADE OR BUSINESS EXPENSES. (a) In General.--There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, * * *↩