WALTER J. AND VIVIAN M. NICHOLLS, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Nicholls v. Commissioner
Docket No. 15438-94
United States Tax Court
T.C. Memo 1995-291; 1995 Tax Ct. Memo LEXIS 297; 69 T.C.M. (CCH) 3042; June 28, 1995, Filed *297 Decision will be entered under Rule 155. Daniel J. Cooper, for petitioners. Karen Nicholson Sommers, for respondent. PANUTHOS
PANUTHOS
MEMORANDUM FINDINGS OF FACT AND OPINION PANUTHOS, Chief Special Trial Judge: This case was heard pursuant to the provisions of section 7443A(b)(3) and Rules 180, 181, and 182. [1] Respondent determined a deficiency in petitioners' 1991 Federal income tax in the amount of $ 6,405. After concessions by respondent, [2] the sole issue is whether petitioners are entitled to deduct unreimbursed employee business expenses. Our decision turns on whether Walter J. Nicholls (petitioner) incurred traveling expenses under section 162(a)(2) while away from home in pursuit of a trade or business. *298 FINDINGS OF FACT Some of the facts have been stipulated and they are so found. The stipulation of facts and attached exhibits are incorporated herein by this reference. At the time of filing the petition, petitioners resided in Placentia, California. Petitioner, an engineer, was employed by Hughes Aircraft Co. (Hughes) from 1953 to September 1993. During most of his employment with Hughes, petitioner worked in California. In June 1988, petitioner commenced work on a contract with one of Hughes' customers, the On Sight Inspection Agency (OSIA), an agency of the U.S. Department of Defense. The contract with OSIA was renewed without relevant change in October 1988 and October 1989. In October 1990, OSIA requested that the project be moved to Virginia, requiring the transfer of four Hughes employees working on the contract, including petitioner. Petitioner, not wishing to relocate, unsuccessfully searched for another job assignment with Hughes in California. Hughes offered petitioner the option of either accepting an assignment in Virginia to work on the OSIA contract or being laid off. Petitioner accepted the assignment with the intent of staying in Virginia only until he could obtain *299 a new position with Hughes closer to California, or until January 1, 1993, the date he became eligible for the second of Hughes' early retirement plans, entitling him to receive $ 873 per month. [3] In February 1991, the OSIA contract was transferred to the Hughes plant in Virginia, and petitioner commenced working in Virginia. Petitioners did not sell their residence although they were eligible for real estate assistance from Hughes. Hughes reimbursed petitioner for relocation and moving costs associated with his transfer. During 1991, petitioner maintained his residence in California, where his wife, Vivian M. Nicholls, remained. Petitioner retained his California driver's license, and his credit cards and savings and checking accounts remained with financial institutions in California. Petitioner, who underwent an operation for cancer in 1990, which was in remission, returned frequently *300 to California for cancer checkups and treatments. Petitioner also made repeated efforts to seek employment with Hughes in a location closer to California. Petitioner's assignment to the Hughes plant in Virginia ultimately extended from February 4, 1991, to January 15, 1992. In December 1991, petitioner secured a position with Hughes in Albuquerque, New Mexico, and began to work simultaneously on that project and the OSIA project. Petitioner moved to Albuquerque on January 15, 1992, where he remained until retiring on disability in September 1993. At the time of trial, January 1995, the OSIA project in Virginia was ongoing and the other three Hughes employees remained on the project. Petitioner incurred travel and lodging expenses in the amount of $ 20,168 during his stay in Virginia in 1991. [4] On Schedule A of their 1991 Federal income tax return, petitioners claimed that amount as a miscellaneous deduction. *301 OPINION Section 162(a)(2) permits a deduction for traveling expenses incurred by the taxpayer while away from home in the pursuit of a trade or business. To be allowed a deduction, the taxpayer must demonstrate that the expenses are (1) reasonable and necessary traveling expenses, (2) incurred "while away from home", and (3) in the pursuit of business. Commissioner v. Flowers, 326 U.S. 465, 470 (1946). Respondent contends only that the expenses claimed as deductions were not incurred "while away from home". This Court has held that, generally, "home" as used in section 162(a)(2), means the vicinity of the taxpayer's principal place of employment and not where his personal residence is located. Mitchell v. Commissioner, 74 T.C. 578, 581 (1980). Under an exception to the general rule, a taxpayer's personal residence may be his "tax home" if the principal place of business is temporary, rather than indefinite. See Peurifoy v. Commissioner, 358 U.S. 59, 60 (1958). The purpose of the "away from home" provision is to mitigate the burden on the taxpayer, who, because of the exigencies of his *302 trade or business must maintain two places of abode and thereby incur additional and duplicate living expenses. Tucker v. Commissioner, 55 T.C. 783, 786 (1971); Kroll v. Commissioner, 49 T.C. 557, 562 (1968). When a taxpayer accepts temporary work in a place away from his residence, he may deduct the living expenses incurred at the temporary post of duty because it would not be reasonable to expect him to move his residence under such circumstances. See Tucker v. Commissioner, supra at 786. A place of business is "temporary" if the employment is such that "'termination within a short period could be foreseen.'" Mitchell v. Commissioner, supra at 581 (quoting Albert v. Commissioner, 13 T.C. 129, 131 (1949)). Where the taxpayer accepts employment of either a "permanent" or "indefinite" duration in a place away from his residence, the taxpayer's tax home shifts to his new principal place of business. Coombs v. Commissioner, 608 F.2d 1269, 1276 (9th Cir. 1979), affg. in part and revg. in part 67 T.C. 426 (1976); *303 Markey v. Commissioner, 490 F.2d 1249, 1253 (6th Cir. 1974), revg. and remanding T.C. Memo. 1972-154; Tucker v. Commissioner, supra at 786. Employment is for an "indefinite" duration if "'its termination cannot be foreseen within a fixed or reasonably short period of time.'" Mitchell v. Commissioner, supra at 581 (quoting Stricker v. Commissioner, 54 T.C. 355, 361 (1970), affd. 438 F.2d 1216 (6th Cir. 1971)). The Court of Appeals for the Ninth Circuit, to which this case is appealable, has a "somewhat modified test of determining 'home' for tax purposes". Gardin v. Commissioner, 64 T.C. 1079, 1085 (1975); Mitchell v. Commissioner, supra at 583. In Harvey v. Commissioner, 283 F.2d 491 (9th Cir. 1960), revg. 32 T.C. 1368 (1959), the Court of Appeals for the Ninth Circuit set forth its rule as follows: An employee might be said to change his tax home if there is a reasonable probability *304 known to him that he may be employed for a long period of time at his new station. What constitutes "a long period of time" varies with circumstances surrounding each case. If such be the case, it is reasonable to expect him to move his permanent abode to his new station, and thus avoid the double burden that the Congress intended to mitigate. * * * [Id. at 495.]
The Court of Appeals later suggested that 9 months "might logically afford a reasonable measurement of that which is a 'long period of time'". Doyle v. Commissioner, 354 F.2d 480, 483 n.3 (9th Cir. 1966), affg. T.C. Memo. 1964-110; Mitchell v. Commissioner, supra.
In Doyle v. Commissioner, supra, the Court of Appeals for the Ninth Circuit applied the Harvey rule to affirm this Court in holding that a taxpayer who had spent 28 months on an assignment away from his place of abode was not "traveling" for the purposes of section 162. Id. at 482. In that case, the taxpayer initially expected his position to last for not more than 6 months. Id. at 481. *305 The Court emphasized that within 3 months after beginning work the taxpayer understood that he would remain at the job for at least 6 months and perhaps until completion of the project, which was estimated to be 14 months. Id. At that point, the Court reasoned, the taxpayer's employment became "indefinite", which, although "not * * * a controlling factor" in their decision, certainly was "[not] an insignificant * * * [factor]". Id. at 482. Regardless of the test used, determination of a taxpayer's tax home is a question of fact to be decided on the entire record. Coombs v. Commissioner, supra at 1274; Linetsky v. Commissioner, T.C. Memo. 1994-306. the deductibility of traveling expenses and duplicate living expenses depends upon the ultimate question of whether the taxpayer, under all the circumstances, could reasonably have been expected to move his residence to the vicinity of his employment. [Tucker v. Commissioner, supra at 786.]
Based upon the particular facts of this case, we believe that petitioner did not incur traveling expenses in connection *306 with his employment in Virginia because he was not "away from home" within the meaning of section 162(a)(2). Hughes considered petitioner's relocation to be a permanent one, and petitioner could not foresee the duration of his intended stay in Virginia. Under such circumstances, we find the employment to have been "indefinite", which, even under the Harvey rule, is a factor in determining whether the taxpayer was "away from home". Doyle v. Commissioner, supra at 482. Petitioner knew at the time of his transfer that he would remain in Virginia until retirement if he did not obtain a position closer to home. He knew, therefore, that there was a reasonable probability that he would remain in Virginia for almost 2 years. Although the Court of Appeals for the Ninth Circuit has not specifically stated a length of time that constitutes a "long period of time", we believe that 2 years does qualify. See Id. at 483 n.3 (9 months might be considered a "long period of time"). We are cognizant that petitioner's wife remained in petitioners' home in California and that petitioner maintained close financial ties to California. We *307 also realize that petitioner made repeated efforts to secure employment with Hughes at a location closer to California, and within a year accepted a position in Albuquerque, New Mexico. Albuquerque, however, was still located about 800 miles away from petitioner's abode. Given that petitioner had no real hope of returning to California before 2 years, we find that it was petitioners' personal choice that petitioner Vivian M. Nicholls live in California while petitioner worked in Virginia and New Mexico for 30 months. Id. at 482. Accordingly, petitioners are not entitled to deductions for expenses incurred while away from home in pursuit of a trade or business. To reflect the foregoing, Decision will be entered under Rule 155.
Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year in issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Respondent concedes that petitioners are entitled to various miscellaneous deductions amounting to $ 190 claimed on Schedule A of their 1991 Federal income tax return.↩
3. Petitioner would first qualify for early retirement on May 1, 1991, upon which he was entitled to a monthly benefit payment of $ 401.↩
4. Respondent does not dispute petitioners' entitlement to the claimed deductions on any basis other than her contention that petitioner's employment was not temporary, and, thus, petitioner was not "away from home" under sec. 162(a)(2)↩.