61 F.3d 910
 76 A.F.T.R.2d 95-5777, 95-2 USTC P 50,443
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Joel DRUM; Josefa Rita Drum, Petitioners-Appellants,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.
 No. 94-70850.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 17, 1995.*
Decided July 20, 1995.
 
 Before: FLETCHER, KOZINSKI, and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Taxpayers Joel and Josefa Rita Drum appeal pro se the tax court's decision, upholding the Commissioner's determination of a deficiency in income tax due for the year 1990, as well as an addition to tax for negligence pursuant to 26 U.S.C. Sec. 6662(a). We review the tax court's finding that the Drums' deductions constituted nondeductible personal living expenses for clear error. Coombs v. Commissioner, 608 F.2d 1269, 1274 (9th Cir. 1979). We have jurisdiction pursuant to 26 U.S.C. Sec. 7482, and we affirm.
 
 
 3
 During 1985, the Drums were married in Los Angeles. In August 1985, Mr. Drum accepted a job as an attorney in a Sacramento law firm. Mr. Drum moved to Sacramento while Mrs. Drum remained in Los Angeles and continued to work. In September 1986, the couple purchased a home in Sacramento. From October 1988 through November 1989, Mr. Drum was unemployed and pursued a graduate degree in Sacramento. In December 1989, Mr. Drum accepted employment from a Los Angeles law firm as an office manager and moved to southern California. Mr. Drum worked at this job from December 16, 1989 to November 1990. During this time the Drums rented a house in Encino.[1]
 
 
 4
 The Drums contend that the tax court erred in holding that they could not deduct the rental expense of the Encino home they rented during 1990. This contention lacks merit.
 
 
 5
 Generally, the Internal Revenue Code does not allow a deduction for personal, living or family expenses. See 26 U.S.C. Sec. 262. An exception is found, however, in 26 U.S.C. Sec. 162(a)(2) which provides that a taxpayer may deduct a personal expense to the extent that it was: (1) a reasonable traveling expense; (2) incurred while away from home; and (3) an ordinary and necessary expense incurred in pursuit of a trade or business. See 26 U.S.C. Sec. 162(a)(2); Folkman v. United States, 615 F.2d 493, 496 (9th Cir. 1980).
 
 
 6
 "[I]n general, as between various possible 'abodes,' the abode or at least the locale of the abode which is located in the vicinity of the taxpayer's principal place of business or employment, or as close thereto as possible, will be considered the taxpayer's tax home for purposes of travel expense deduction of section 162(a) (2)." Coombs, 608 F.2d at 1275. An exception to this rule applies, however, where a taxpayer's employment in another area is temporary as opposed to indefinite. See Neal v. Commissioner, 681 F.2d 1157, 1158 (9th Cir. 1982). "Where it appears probable that a taxpayer's employment outside of his regular abode will be for a 'temporary' or 'short' period of time, then his travel expenses are held to be deductible; conversely, if the prospects are that his work will continue for an 'indefinite' or 'indeterminate' or 'substantially' long period, then the deduction is disallowed." Wright v. Hartsell, 305 F.2d 221, 224 (9th Cir. 1962). "What constitutes 'a long period of time' varies with circumstances surrounding each case." Harvey v. Commissioner, 283 F.2d 491, 495 (9th Cir. 1960).
 
 
 7
 The Drums claimed that their Sacramento house was Mr. Drum's tax home for the 1990 tax year because his work for the Los Angeles law firm was temporary. The Drums based this claim on (1) the fact Mr. Drum had an oral contract for one year; (2) the lease to the Encino house was only for one year, and (3) a lease of their Sacramento house to tenants was for one year.
 
 
 8
 The tax court correctly determined that the record could not support the Drums' claim that their tax home was in Sacramento. Based on the record, Mr. Drum's employment in Los Angeles during 1990 satisfies whether he worked a "long period of time." His employment was indefinite rather than temporary. See Doyle v. Commissioner, 354 F.2d 480, 483 n.3 (9th Cir. 1966). Also, the lease to the couple's Sacramento home, although only for a year, provided that at the expiration of a year, the lessee could remain in the house on a month-to-month basis. Further, despite moving back to Sacramento for several months after ending his employment with the Los Angeles law firm in November 1990, Mr. Drum purchased the same law firm in May 1991.[2] The Drums have lived in the Los Angeles area with their child since the purchase of the law firm. Accordingly, the tax court did not commit clear error in holding that the Drums could not deduct, as a business travel expense, the rental expense of the Encino house.
 
 
 9
 The tax court also held that the Commissioner did not err in determining that the Drums were liable for the addition to tax due to their negligence. See 26 U.S.C. Sec. 6662(a). The Drums have failed to address this issue in their opening brief. Issues not raised by an appellant in its opening brief will not be considered on appeal. See All Pacific Trading, Inc. v. Vessel M/V Hanjin Yosu, 7 F.3d 1427, 1434 (9th Cir. 1993), cert. denied, 114 S. Ct. 1301 (1994).
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); 9th Cir. R. 34-4. Accordingly, the appellants' request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Mrs. Drum has resided and worked in Los Angeles since 1985, except for the period between October 1986 and March 1987 and for two weeks in December 1990
 
 
 [2]
 The record is unclear as to where Mr. Drum resided during these months and whether he was employed